NATHANIEL B. STEVENS *vs.* THE HURLBUT BANK.

A creditor having personal property pledged to him as security for his debt can not sell the same until he has called on the debtor to redeem; and he must also give the debtor notice of the time and place of sale.

A bank held certain stocks as collateral security for the plaintiff's indebtedness, with the right to sell them if the indebtedness was not paid within a reasonable time, but with no arrangement as to the time, place or manner of sale. Some months after, the bank, without previous notice to the plaintiff, made a conditional sale of the stocks, which was to take effect if the plaintiff did not on that day pay or satisfactorily secure his indebtedness, and gave him notice that unless his indebtedness was paid or satisfactorily secured on that day the stocks would be sold. The plaintiff remonstrated and asked to be allowed one day more for the purpose, and in fact the next day procured the means of paying the greater part of the debt, but the bank closed the sale on that day. Held, that the conduct of the bank was unreasonable and wrongful, and that it was liable to the plaintiff in damages.

A count alleging that the plaintiff deposited certain stocks with the defendant as collateral security for his indebtedness, that it was the duty of the defendant to keep the stocks safely and to hold them exclusively as such collateral security, and that the defendant fraudulently disposed of them, whereby the plaintiff lost them, is a count in tort, and can not be joined with a count in assumpsit.

Such misjoinder can be taken advantage of by a writ of error.

MOTION for a new trial by the defendants; also motion in error. The case will be sufficiently understood from the opinion.

*Hubbard* and *Hitchcock*, in support of the motions.

*Hall* and *Peck*, with whom was *Granger*, contra.

HINMAN, C. J. It has not been claimed, as it could not be successfully, that counts in assumpsit and counts in tort can be joined. It is only necessary therefore to consider the nature and character of the two counts in the declaration in order to determine whether there was error in joining them; and if there was a misjoinder the judgment must be reversed, since it is well settled that such a defect may be taken advantage of by writ of error, or by motion in error, which by our practice is generally substituted for it.

The first count states an indebtedness from the plaintiff to the bank, and that to secure the payment of it he deposited or delivered to the bank at its request and as collateral security for such indebtedness certain shares of stock and certain notes, which it was the duty of the bank to hold and keep safely and exclusively as collateral security for the payment of the indebt-

edness ; and then, after repeating the statement of the duty of the bank to keep the stock and notes exclusively for the purpose for which they were delivered to it, it states that the bank did unlawfully and fraudulently sell and dispose of and convey away the same, whereby the plaintiff has wholly lost and been deprived of the same. There is in this count, therefore, an entire omission to allege any promise, undertaking or contract whatever. Indeed this is so apparent upon the face of the declaration that it is hardly claimed to be a good count in assumpsit. But it was said that it was assumpsit if any thing, by which was probably meant that it was so defective that it might be treated as a nullity. We do not so consider it however. We think it contains all the elements of a good count in tort. It shows that the plaintiff's property was in the defendants' possession for certain purposes, and that neglecting their duty to keep it for those purposes they unlawfully and fraudulently sold and disposed of it, so that the plaintiff has wholly lost it. This is all that is necessary to constitute a good cause of action against a bailee. Case *ex delicto* is the appropriate remedy for fraudulent conduct, and any conduct not necessary to the enjoyment or protection of his rights as such bailee, which unlawfully deprives the real owner of his property, is deemed fraudulent within the scope of this remedy. Hence we find a form in Chitty's Pleading, from which undoubtedly this count was taken, since it is in substance but a copy of the material parts of it, and it is there classed as a count in tort.

The second count is too clearly in assumpsit to require illustration or argument. It sets out a consideration, and a promise founded on it, and the breach of the promise. It has therefore every element of a count in assumpsit. And as it is not denied that the joinder of two such counts is error, the judgment founded upon the declaration must be reversed. *Corbett* v. *Packington*, 6 Barn. & Cress., 268.

We regret this result because we see nothing in the motion for a new trial which leads us to doubt the correctness of all the proceedings on the trial in the superior court, and from the facts found the decision appears to have been the

only one that could have been made consistently with the justice of the case. The bank held the stock and notes mentioned in the declaration, pledged as collateral security for the plaintiff's indebtedness, with the right to sell them if the indebtedness was not paid within a reasonable time; but with no arrangement as to the time, place, or manner of sale. This right to sell by the agreement of the parties was substantially the same power which the law gives the pledgee of personal chattels received as security for debt, in regard to whom Chancellor Kent says, "He may sell without judicial process upon giving reasonable notice to the debtor to redeem." 2 Kent. Com., 582. And so the law is stated in 1 Swift's Rev. Dig., 390. And in *Stearns* v. *Marsh*, 4 Denio, 227, in which case the authorities are collected on the point, it is held that a creditor having personal property pledged to him as security for his debt, can not sell the same until he has first called on the debtor to redeem the pledge; and that he must also give him notice of the time and place of sale. See also *Parker* v. *Brancker*, 22 Pick., 40.

In this case the sale was made without any notice whatever to the plaintiff, but was left conditional upon the plaintiff's failing to pay or secure satisfactorily his indebtedness on the very day when it was effected; and he was then notified that he must pay or satisfactorily secure his indebtedness that day or the stock and notes would be sold. This was very unreasonable, especially in view of the plaintiff's remonstrance, and his informing the officer of the bank who effected the sale that he did not doubt that he could secure his indebtedness the next day, and requesting that he might be allowed that time in which to accomplish it; and the circumstance that he did, within the time that he requested to be allowed, send to the bank paper which was discounted and passed to his credit, sufficient to pay the greater part of his indebtedness, shows his ability to do what he proposed, as well as his sincerity in proposing it. We think therefore that the conduct of the officer of the bank, in completing the sale under these circumstances, ought not to be regarded as standing upon any higher ground than it would have done had he made an entirely secret sale,

without any notice whatever to the plaintiff; and unless such a sale can be justified this can not be.

We therefore could advise no new trial in the case upon the motion for that purpose.

In this opinion the other judges concurred.